# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 1153 - 4 | **DATE** | 7/28/2004 |
| **CASE TITLE** | UNITED STATES vs. MICHAEL MUNSON | | |

**MOTION:**
[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's (31-1) for bill of particulars is denied. Discovery motions (30-1, 32-1, and 33-1) are granted in part and denied in part. Motion (28-1) to dismiss is denied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| ✓ | No notices required, advised in open court. | | | | **Document Number** |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | AUG 0 5 2004 | | |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | | | 4/1 |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| DW | courtroom deputy's initials | U.S. DISTRICT COURT | date mailed notice | | |
| | | 2004 AUG -4 PM 8:19 | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,

v.

MICHAEL MUNSON.

No. 03 CR 1153-4
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

The Defendant, Michael Munson, is a lawyer charged with having breached his fidicuary

duty to his client, Nicor Energy, by depriving it of his "honest services," in violation of 42 U.S.C.

§ 1346. The indictment alleges that Munson assisted three Nicor executives in manipulating

Nicor's earnings so that the company appeared to be more profitable than it actually was.

Munson allegedly helped "pump up" earnings by stretching fiscal recognition of a $1.25 million

settlement with Com Ed over fiscal years 2001 and 2002. This violated generally accepted

accounting principles, which required that the entire settlement be recognized as an expense in

fiscal year 2001. Munson allegedly assisted in this endeavor by ensuring that documents related

to the settlement did not refer to the full $1.25 million owed in the settlement and by creating a

false and misleading Com Ed invoice.

### I. Munson's Motion to Dismiss the Indictment

Munson now moves to dismiss the indictment on the grounds that (1) the government did

not properly allege a claim for deprivation of "honest services"and (2) the statute is

unconstitutionally vague. In regards to the indictment, the government argues that it did properly

allege a claim for deprivation of "honest services," a charge which requires the government to

allege that the defendant misused a position of trust for his own personal gain. *United States v. Bloom*, 149 F.3d 649, 656-57 (7th Cir. 1998). Munson, however, claims that the indictment is faulty because it fails to allege that he benefitted personally from his actions. Munson points out that he, unlike the three Nicor executives, did not receive any direct monetary compensation, such as a bribe or kick back, for his part in the scheme. According to the government, this is not fatal because the indictment alleges that Munson received personal benefits in the form of his related legal fees and his hopes that his actions would curry favor with the Nicor executives, leading to increased future business or possibly to a position as general counsel.

Munson claims that this hope of a future gain combined with fees that were paid largely for legitimate services is not enough to satisfy the requirements of § 1346. However, in *United States v. Bauer*, No. 00 CR 81, 2000 U.S. Dist. LEXIS 16784 at *11-12 (N.D. Ill. Nov. 14, 2000), Judge Lindberg held that acts intended to curry political favor in hopes of increasing the defendant's current job security or of leading to future promotions was sufficient personal gain to satisfy § 1346. A chance for Munson to increase his current business and to become Nicor's general counsel at some future date constituted a significant personal benefit to him. In addition, Munson also received at least a small financial benefit from the fees he charged for his activities. For these reasons, I find that the indictment properly alleged all the requisite elements of a § 1346 violation.[1]

---

[1] Munson argues that this finding is inconsistent with *Bloom*. I disagree. In *Bloom*, the Court was primarily concerned with the actions taken by an Alderman while he was acting as a private attorney. *Bloom*, 149 F.3d at 655. The Alderman in that case structured a real estate transaction for his client in a way that avoided some city taxes. *Id.* at 651. The Court struggled with whether the Alderman had misused his office, not, as is the case here, with what was gained. *Id.* Since the Court did not specifically address the Alderman's legal fees or possibilities for future work, I do not think its holding or analysis in any way conflicts with my findings in this case.

Munson also argues that § 1346 is unconstitutional because it failed to put him on sufficient notice that his actions could lead to criminal liability. The Seventh Circuit recently addressed a similar argument in *United States v. Hausmann*, 345 F.3d 952, 958 (7th Cir. 2003). In that case, the Court held that its decision in *Bloom* placed the defendant "on notice that criminal liability under the mail and wire fraud statutes–particularly under an intangible-rights theory–attaches to the misuse of one's fiduciary position for personal gain." *Id.* Although Munson acknowledges the authority of *Hausmann*, he claims that it does not apply to him because, in his view, the government does not rely on a theory of personal gain. Since I have already found that the government did allege that Munson benefitted personally from the breach of his fiduciary duty with Nicor, this argument is no longer relevent. Here, the indictment alleges Munson abused his position of trust at Nicor for personal gain. Thus, like the defendant in *Hausmann*, I find that Munson has been on notice since at least 1998 (when the Seventh Circuit decided *Bloom*) that a fiduciary who abuses his position for personal gain risks criminal liability.

For these reasons, Munson's Motion to Dismiss the Indictment is DENIED.

## II. Munson's Motion For a Bill of Particulars

Munson claims that the government should be ordered to provide a bill of particulars because the indictment "lacks critical details regarding [his] involvement in the alleged scheme." *See Motion for Bill of Particulars* at 2. Among other things, Munson demands to know how the government intends to prove that he joined the scheme and precisely what actions he took in furtherance of it, as well as what each of his co-schemers did. *Id.* at 3. It is well settled that a "defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved." *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003)

3

(citations omitted). Accordingly, where an indictment "sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial," no bill of particulars is warranted. *Id.* at 446. In considering whether a bill of particulars is necessary, a court should consider both the clarity of the indictment and the degree of discovery available to a defendant absent such a bill. *See United States v. Roya*, 574 F.2d 386, 391 (7th Cir. 1978); *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991).

In this case, the indictment alleges that Munson, along with his co-schemers, defrauded Nicor of its right to honest services by attempting to make Nicor appear more profitable than it actually was. The indictment describes Munson's fiduciary relationship with Nicor, the dispute between Nicor and Com Ed, how the dispute was resolved, the methods that Munson and the three Nicor executives used to affect the accounting fraud, and the effect that fraud had on Nicor. In addition to the information included in the indictment, the government has also provided a significant amount of information in discovery, including communications between Munson and his co-schemers as well as communications between Munson and Arthur Andersen, Nicor's independent auditors. Given the information that has already been provided for this relatively straight-forward allegation of fraud, I find that a bill of particulars is not necessary.

Munson's Motion for a Bill of Particulars is DENIED.

## III. Munson's Discovery Motions

### A. Jencks Act and Impeaching Material

Munson seeks production of any favorable evidence and any impeaching evidence currently in the government's possession. The government has agreed to provide this material at

4

least three weeks prior to trial. If the government fails to do so, I will revisit Munson's request at that time.

## B. The SEC Materials

Munson demands that the government provide him with any exculpatory evidence that led to the SEC's decision not to name him in its civil suit. The government argues that it does not have any such information, as the SEC is an independent litigating agency that cannot be required to share its materials. *United States v. Wencke*, 604 F.2d 607, 612 (9th Cir. 1979). Munson, however, claims that because the civil and criminal suits are so closely related, the SEC should be treated as part of the government for the purpose of *Brady* disclosures. As a general rule, the government's *Brady* obligation extends to all members of the prosecution's team, which may include the DEA, police, or other agencies, such as the FDA or Postal Service. *Carey v. Duckworth*, 738 F.2d 875, 877-78 (7th Cir. 1984); *United States v. Wood*, 57 F.3d 733, 737 (9th Cir. 1995); *United States v. Deutsch*, 475 F.2d 55, 57 (5th Cir. 1973). There has been no evidence presented here to show that the SEC is or was involved in Munson's criminal prosecution. Nor, for that matter, is there any indication that the SEC's decision was based on exculpation rather than its free discretion to decline to prosecute for reasons having nothing to do with the absence of liability. Since it does not appear to me that the SEC is or was part of the government's prosecutorial team, I am denying Munson's request.

## C. The Agents' Handwritten Notes

Munson seeks production of handwritten notes taken by the FBI agents who interviewed him on January 30, 2004. Munson argues that the government's production of its FBI 302 report relating to the interview is insufficient because (1) it contains vague statements, (2) it does not

5

contain the exact responses given, and (3) it may contain discrepancies. Generally speaking, a defendant is not entitled to the agent's notes if the report includes all the information stated therein. *United States v. Muhammad*, 120 F.3d 688, 699 (7th Cir. 1997). To determine whether the agents' notes contain information not provided in or inconsistent with the 302 report, I will review the agents' notes in camera. If I find information that is not contained in or is inconsistent with the 302 report, I will order that it be produced.

## D. Internal Investigation Materials

Munson seeks production of any materials related to internal investigations conducted by Arthur Andersen, Nicor, or Dynergy. With regards to Arthur Andersen, the government states that it is not aware of any such internal investigation or documentation. With regards to Nicor and Dynergy, the government states that it has provided summaries of interviews conducted by those companies and has no other relevant documents in its possession. If the government learns of information or documents related to third party investigations, I will revisit this request at that time.

Munson's Discovery Motions are GRANTED in part and DENIED in part.

ENTER:

James B. Zagel
United States District Judge

DATE: 28 July 2004